IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARISSA FENNELL, | ) | |
| | ) | |
| Plaintiff, | ) | 2:22-cv-1696 |
| | ) | |
| v. | ) | |
| | ) | |
| DYCK O'NEAL and FEIN, SUCH, | ) | |
| KAHN & SHEPARD, P.C., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

When Ms. Fennell filed her complaint on November 30, 2022, she was then represented by attorney Lawrence G. Paladin, Jr. ECF 1. Mr. Paladin responsibly litigated her case, including responding to Defendants' motion to dismiss (which the Court denied), and filing an amended complaint (ECF 30). On August 24, 2023, Mr. Paladin moved to withdraw from the case because he was retiring. ECF 39. The Court granted that motion (ECF 42), and attorney Emily S. Gomez-Hayes entered her appearance for Ms. Fennell on September 18, 2023. ECF 43.

Like Mr. Paladin before her, Ms. Gomez-Hayes also responsibly litigated Ms. Fennell's case, including filing a second amended complaint (ECF 54) and participating in the initial case management conference (ECF 63). On January 24, 2024, however, Ms. Gomez-Hayes moved to withdraw her appearance, explaining that despite her warnings, Ms. Fennell had failed to pay her for her services. ECF 68. The Court granted the motion on January 25, 2024, and stayed the case to give Ms. Fennell an opportunity to seek substitute counsel. ECF 70.

Choosing instead to proceed *pro se*, Ms. Fennell moved to re-open the case, which the Court granted on January 30, 2024. ECF 72, ECF 74. At that time, the Court issued a second amended case management order, which, among other things,

ordered the parties to file a joint status report by July 1, 2024, set a fact discovery deadline of July 30, 2024, and set a post-discovery status conference for August 2, 2024. ECF 75.

Consistent with that order, Defendants filed a "joint" status report on July 1, 2024. ECF 77. In the report, Defendants explained that Ms. Fennell failed to respond or object to Defendants' written discovery, didn't respond to Defendants' reminder about the written discovery, didn't respond to Defendants' draft of the status report or request to meet and confer, and didn't herself issue any discovery requests or deposition notices. *Id.* ¶¶ 4-8. Seeing that Ms. Fennell appeared to have abandoned her case, on July 2, 2024, the Court struck the scheduled status conference and ordered that Ms. Fennell show cause as to why the Court shouldn't *sua sponte* dismiss her case for failure to prosecute. ECF 78. She didn't respond.

Having "provide[d Ms. Fennell] with an opportunity to explain [her] reasons for failing to prosecute the case or comply with its orders," the Court thus proceeds with its Rule 41 (b) analysis. *Nieves v. Thorne*, 790 F. App'x 355, 357 (3d Cir. 2019); Fed. R. Civ. P. 41(b). For the reasons below, the Court will dismiss Ms. Fennell's case without prejudice.

"Under Rule 41(b), a district court has authority to dismiss an action sua sponte if a litigant fails to prosecute or to comply with a court order." *Qadr v. Overmyer*, 642 F. App'x 100, 102 (3d Cir. 2016) (citation omitted). The Third Circuit has set forth six factors to weigh and consider when determining whether dismissal is proper under Rule 41(b):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). "None of the *Poulis* factors is alone dispositive, and it is also true that not all of the factors need to be satisfied to justify dismissal of a complaint for lack of prosecution." *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019). That said, there is a "strong policy favoring decisions on the merits[,]" so close cases should be resolved in the plaintiff's favor. *Id.* at 132, 138. In other words, dismissal is a "sanction of last, not first, resort." *Id.* at 136 (cleaned up).

The Court has carefully weighed each factor. Even considering the strong policy favoring a decision on the merits, the Court concludes that dismissal here is warranted.

### 1. The extent of the party's personal responsibility.

Ms. Fennell "is proceeding *pro se* and is solely responsible for [her] own conduct." *Bailey v. Napoleon*, No. 2:23-CV-499, 2024 WL 1770906, at *2 (W.D. Pa. Apr. 4, 2024) (Dodge, M.J.), *report and recommendation adopted*, No. 223CV00499CCWPLD, 2024 WL 1766703 (W.D. Pa. Apr. 24, 2024) (Wiegand, J.); *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). Indeed, the case was steadily progressing until Ms. Fennell took over when her attorney withdrew. Accordingly, this factor supports dismissal.

### 2. The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

"Prejudice to the adversary is a particularly important factor in the *Poulis* analysis, and evidence of true prejudice bears substantial weight in support of a dismissal." *Hildebrand*, 923 F.3d at 134 (cleaned up). But "[t]he bar is not so high that a party needs to show irremediable harm for the prejudice to weigh in favor of dismissal. *Id.* (cleaned up). Instead, "[a]n inability to prepare a full and complete trial strategy is sufficiently prejudicial." *Id.* (cleaned up). For example, "[p]rejudice also includes deprivation of information through non-cooperation with discovery, and

costs expended obtaining court orders to force compliance with discovery." *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994).

That's the case here. The discovery deadline isn't just blown; setting aside initial disclosures, no discovery has occurred at all. Ms. Fennell failed to respond to Defendants' written discovery requests issued in early May, even after Defendants reminded her about them in mid-June. ECF 77, ¶¶ 3-5.[1] And she issued no written discovery requests of her own or notice any depositions. *Id.* ¶¶ 7-8. Defendants can't effectively prepare for trial under these circumstances.

True, "[n]o costs were expended in obtaining court orders to force compliance with discovery because there were no efforts to obtain such orders." *Adkins v. Reynolds*, 788 F. App'x 824, 827 (3d Cir. 2019) (finding factor did not favor dismissal). But seeking to control its docket and save Defendants from unnecessary expenses, the Court issued its show-cause order the day after Defendants filed their status report, obviating the need for any discovery motions. So the Court finds this factor favors dismissal, as well. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) ("Second, the defendants were prejudiced because Dickens' failure to participate in discovery frustrated their ability to prepare a defense."); *see also Youst v. Lukacs*, No. 5:20-3287, 2022 WL 522652, at *1 (E.D. Pa. Feb. 22, 2022) (holding factor weighed in favor of dismissal where plaintiff's "failure to provide a valid address for correspondence [containing discovery requests meant] the discovery process ha[d] stalled, and resolution of [the] case [was] indefinitely delayed").

---

[1] Defendants could have sought to file a motion to compel, or brought this issue to the Court. But given Ms. Fennell's radio silence, that would have been futile.

### 3. The history of dilatoriness.

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874. But "a party's problematic acts must be evaluated in light of its behavior over the life of the case." *Id.* at 875.

Over approximately six months, Ms. Fennell failed to prepare the joint status report, failed to meet the discovery deadline (or participate in discovery at all), and ignored the Court's show-cause order. That might not seem like much, considering it's only six months and "[c]onduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness.'" *Briscoe v. Klaus*, 538 F.3d 252, 261 (3d Cir. 2008). But six months isn't just a third of the life of the case,[2] it's **one hundred percent** of the time that Miss Fennell has been acting *pro se*—effectively making her behavior "a continuous stream of dilatory conduct." *Id.* So the Court will consider this factor also supporting dismissal.

In recognition of the policy of favoring decisions on the merits, however, and the fact that the case was dutifully prosecuted for a year while Ms. Fennell was represented, the Court will discount the weight it gives this factor. *See Hildebrand*, 923 F.3d at 135 ("isolated incident" of three-year delay "mitigate[d] the weight . . . placed in favor of dismissal").

### 4. Whether the conduct of the party or the attorney was willful or in bad faith.

"Absence of reasonable excuses may suggest that the conduct was willful or in bad faith. In the face of court-imposed deadlines, repeated failure to observe court imposed deadlines and total failure to pursue a claim beyond the pleadings may

---

[2] Ms. Fennell filed her complaint on November 30, 2022, but Defendants didn't enter their appearance until mid-February 2023. ECF 2, ECF 3.

constitute willful conduct." *Roman v. City of Reading*, 121 F. App'x 955, 960 (3d Cir. 2005) (cleaned up). The record doesn't suggest that Ms. Fennell acted in bad faith. But she did fail to abide by the Court's order to prepare a joint status report. And more importantly, she ignored the Court's show cause order. Ms. Fennell thus "has not offered any excuse, let alone a reasonable one." *Moore v. Fred's Woodshed, Inc.*, No. 4:22-00576, 2024 WL 2979547, at *2 (M.D. Pa. June 13, 2024) (finding factor supported dismissal); *Nike USA, Inc. v. Off. Unlimited Inc.*, No. 18-5460-KSM, 2022 WL 1203725, at *7 (E.D. Pa. Apr. 21, 2022) (same; collecting cases). That's something more than "inexcusable negligent behavior[,]" *Hildebrand*, 923 F.3d at 135 (cleaned up), so this factor too favors dismissal. *See, e.g.*, *Tillio v. Mendelsohn*, 256 F. App'x 509, 509 (3d Cir. 2007) (affirming dismissal where plaintiff did not respond to show cause order and "there is no indication that he failed to receive the show cause order or that he did not understand it").

**5.     The effectiveness of sanctions other than dismissal.**

The Third Circuit has explained that a plaintiff's "pro se and IFP status, coupled with his refusal to comply with court orders (including an order to show cause), rendered lessor sanctions ineffective." *Nieves v. Thorne*, 790 F. App'x 355, 358 (3d Cir. 2019). Ms. Fennell is proceeding *pro se* and didn't respond to the Court's order to show cause. Though she hasn't sought IFP status, she is only in this position because she failed to pay Ms. Gomez-Hayes—implying, for a similar reason, that monetary sanctions won't cut it. ECF 68.

Moreover, "sanctions [are] not available because the matter [can] not proceed without [discovery]." *Black v. Pa. Bd. of Prob. & Parole*, 717 F. App'x 103, 105 (3d Cir. 2017). As the Court explained in its order denying Defendants' motion to dismiss, "Defendants' motion presents too many disputed factual issues[] which require additional discovery[.] As Plaintiff's declaration and brief make clear, Plaintiff needs

additional facts and discovery to oppose the motion, consistent with Rule 56(d)." ECF 13 (cleaned up).

In any event, "given her failure to [respond to the show cause order and] explain how she intend[s] to proceed with her case, there is no indication that postponing the trial [or delaying other case deadlines] constitute[s] a viable alternative to dismissal." *Karpiel v. Ogg, Cordes, Murphy & Ignelzi, L.L.P., The Firm*, 405 F. App'x 592, 596 (3d Cir. 2010); *Ortiz v. Estock*, No. 2:22-928-NR-PLD, 2023 WL 2351739, at *1 (W.D. Pa. Mar. 3, 2023) (Ranjan, J.) ("[W]here Mr. Ortiz has failed to comply with court-ordered deadlines or to otherwise communicate with the Court, and appears to have abandoned the litigation, it is unlikely that alternative sanctions would be effective.") (cleaned up).

This factor therefore supports dismissal. There is thus one last alternative sanction the Court must consider—whether this factor favors dismissal with or without prejudice. *See Tucker v. Monroe*, 314 F. App'x 433, 435 (3d Cir. 2008) ("[T]he District Court could have used alternative sanctions, such as a dismissal without prejudice."); *Hill-Johnson v. Warden Allegheny Cnty. Jail*, No. 20-1029, 2020 WL 13855358, at *1 (3d Cir. June 12, 2020) ("The District Court also did not consider dismissing the petition without prejudice.").

The Court concludes dismissal of Ms. Fennell's second amended complaint without prejudice would be the sufficient sanction, as it will "communicate[] the importance of timely [responding to Court orders and participating in discovery], while avoiding a complete dismissal on the merits with prejudice." *Barger v. Walton*, 260 F. App'x 476, 478 (3d Cir. 2008).

### 6. The meritoriousness of the claim or defense.

"Generally, in determining whether a plaintiff's claim is meritorious, we use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim."

*Briscoe*, 538 F.3d at 263. As noted above, "whether some of [Ms. Fennell's] claims have merit cannot yet be fully determined." *Hill-Johnson*, 2020 WL 13855358, at *1 (factor did not support dismissal); ECF 13. Given the Court didn't dismiss Ms. Fennell's complaint at the motion-to-dismiss stage because discovery is needed, the Court concludes this factor is neutral. *See Dickens*, 700 F. App'x at 118 (factor neutral where "no discovery had been conducted").

* * *

On the balance of these factors, the Court holds that dismissal of Ms. Fennell's second amended complaint is warranted. Accordingly, after careful consideration, it is hereby **ORDERED** that Plaintiff's second amended complaint (ECF 54) is **DISMISSED** without prejudice. The Clerk of Court shall mark this case as **CLOSED**.

Dated: August 5, 2024

BY THE COURT:

/s/ J. Nicholas Ranjan
J. Nicholas Ranjan
United States District Judge

cc:
Marisa Fennell
700 Arlington Ave
McKeesport, PA 15132